GLD-124                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4634
_____

KEVIN GREEN,
                                              Appellant

v.

MR. BLEDSOE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 11-cv-02320)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 24, 2012

Before:  FUENTES, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed: March 7, 2012)
_____

OPINION
_____

PER CURIAM

Pro se appellant Kevin Green appeals the United States District Court for the

Middle District of Pennsylvania's order dismissing his habeas petition filed under 28

U.S.C. § 2241.  We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and

we exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Green is a prisoner currently incarcerated in the United States Penitentiary in Lewisburg, Pennsylvania. In July 2006, he pleaded guilty in the United States District Court for the District of Minnesota to one count of conspiring to distribute and possessing with intent to distribute more than 100 grams of heroin, and on November 20, 2007, he was sentenced to 124 months' imprisonment. See D. Minn. Cr. A. No. 06-0050. Green was apparently sentenced as a career offender, see U.S.S.G. § 4B1.1(a), a classification that was based, in part, on Green's prior Minnesota state conviction for fleeing a police officer in a motor vehicle. Green did not file a direct appeal challenging his conviction or sentence.

In February 2008, Green filed a motion under 28 U.S.C. § 2255, raising several ineffective-assistance-of-counsel claims. The District Court denied the motion in January 2009, and the Eighth Circuit denied Green's motion for a certificate of appealability in May 2009.

In November 2009, Green filed a petition for habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Illinois. Green argued that, because the Eighth Circuit had recently held that "Minnesota's crime of fleeing a peace officer in a motor vehicle does not constitute a 'crime of violence' under

2

the Sentencing Guidelines," United States v. Tyler, 580 F.3d 722, 726 (8th Cir. 2009),[1] he was "actually innocent" of the career-offender designation. The District Court dismissed Green's petition, holding that the remedy provided by 28 U.S.C. § 2255 was not inadequate or ineffective, and as a consequence, Green could not proceed under § 2241. Green appealed to the Seventh Circuit, which ultimately dismissed the appeal due to Green's failure to pay the docketing fee.

In December 2011, Green filed a § 2241 petition in the United States District Court for the Middle District of Pennsylvania. He again claimed that, based on the Eighth Circuit's decision in Tyler, he was "actually innocent of the career offender enhancement." The District Court dismissed the petition, holding that it was not required to entertain a claim that had already been rejected by another district court, see 28 U.S.C. § 2244(a), and that Green had not obtained this Court's permission to file a successive habeas petition, § 2244(b)(3)(A). Green then filed a timely notice of appeal to this Court; he has also asked the Court to appoint counsel.

We agree with the District Court's disposition of this case. Apart from whether Green's petition was barred by 28 U.S.C. § 2244(a), it is apparent that his claim is not viable under § 2241. We will therefore affirm the District Court's decision on this basis. See Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (noting that a federal appellate court may affirm on any ground supported by the record). "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge

---

[1] In Sykes v. United States, 131 S. Ct. 2267, 2270 (2011), the Supreme Court held that the Indiana state offense of fleeing from a law-enforcement officer qualifies as a violent felony. For purposes of this appeal, we need not decide whether Sykes abrogated Tyler.

3

their convictions or sentences[.]" <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002). However, a federal prisoner can seek relief under 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his or her detention. <u>Cradle</u>, 290 F.3d at 538. This occurs "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his . . . claims." <u>Id.</u> at 538. This exception is extremely narrow and applies in only rare circumstances. <u>See, e.g.</u>, <u>In re Dorsainvil</u>, 119 F.3d 245, 251-52 (3d Cir. 1997) (applying exception where an intervening change in the law decriminalized the conduct underlying the petitioner's conviction).

Green asserts that he is innocent of being a career offender, and that, therefore, his claim is properly brought under § 2241. He is mistaken. <u>Dorsainvil</u> allows relief under § 2241 only when a subsequent statutory interpretation renders a petitioner's conduct no longer criminal. <u>Id.</u> at 251-52. Green makes no allegation that he is actually innocent of the crime for which he was convicted; he asserts only that his sentence was improper. The <u>Dorsainvil</u> exception is therefore inapplicable, and relief under § 2241 is not available. <u>See</u> <u>Okereke</u>, 307 F.3d at 120-21 (holding that a petitioner could not proceed under § 2241 because his argument was based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), which "dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal").

For these reasons, we conclude that this appeal presents "no substantial question," and will therefore summarily affirm the District Court's judgment. <u>See</u> 3d Cir. L.A.R.

4

27.4; I.O.P. 10.6.  We also deny Green's motions for appointment of counsel.  <u>See</u> 18 U.S.C. § 3006A(a)(2).